Honorable Benjamin Euresti, Jr. Cameron County Attorney Cameron County Courthouse 974 E. Harrison Street Brownsville, Texas 78520
Re: Whether an uncompensated commissioner of a county housing authority may receive mileage credits attributable to authority travel (RQ-1979)
Dear Mr. Euresti:
You ask four questions regarding the use of airline mileage credits accrued by commissioners[1] of the Cameron County Housing Authority (hereinafter the authority). The credits are attributable to travel on behalf of and paid for by the authority.
You first ask whether a commissioner may use such credits for his personal use. Chapter 392 of the Local Government Code governs county housing authorities but contains no provisions directly relevant to your inquiry. However, section 392.035 denies commissioners any compensation but entitles them to receive reimbursement for necessary travel expenses. That provision, prior to its codification in the Local Government Code, was strictly construed to disallow payment of a monthly travel allowance. Housing Auth. of Harlingen v. State ex rel Velasquez,539 S.W.2d 911 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.). The court emphasized the fact that travel expense payments are made from public money and determined that the part of the $50 travel allowance over the amount of actual travel expenses represented compensation in violation of the statute. By extension, that opinion disallows a commissioner from personally collecting the compensation represented by airline mileage credits. Of course, if the mileage credits could not be used for public purposes, use of them by a housing authority commissioner would not constitute compensation.
Also, we note that it is the responsibility of the authority, not any individual commissioner, to establish an accounting system with the airlines or travel agency to provide for the authority to receive the travel credits for future use by the authority. Absent such an arrangement, we do not think that a court would find a violation of the Penal Code. See generally State Ethics Advisory Opinion 1984-6 (1984).
Second, you ask whether the use of the mileage credits should be limited to travel on behalf of the authority. If the authority can not arrange to have mileage discounts assigned to the credit of the authority, per se, then the credits assigned to individual commissioners should be used for authority travel.
In your third question, you ask whether the housing authority may request copies of mileage credit statements from individuals. In the same manner that any employer may require its officers and employees to account for property belonging to the employer and in the possession of its employees, a housing authority may require its officers and employees to account for its property that is in the possession of its officers. See also Housing Auth. of Harlingen, supra, at 916.
Finally, you ask whether the authority may sell mileage credits to the individuals involved. Section 392.056(c) of the Local Government Code allows a housing authority to sell its personal property. Thus, we believe that the authority is authorized to sell mileage credits earned as a result of authority travel, subject, of course, to constitutional requirements that it receive an adequate quid pro quo. Tex. Const. art. III, § 52.
 SUMMARY
A commissioner of a county housing authority is not entitled to compensation. Therefore, he may not receive airline mileage credits earned on the basis of authority travel. A county housing authority may require that individuals supply copies of mileage credit statements, where the credits are accrued from travel on behalf of the authority. A county housing authority may sell its personal property, including airline mileage credits.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Renea Hicks Special Assistant Attorney General
 Rick Gilpin Chairman Opinion Committee
 Prepared by Karen C. Gladney Assistant Attorney General
[1] Although you ask about "board members," "commissioners" is the title given in chapter 392 of the Local Government Code.